MEMORANDUM **
Delores and Dale Herman appeal the district court’s grant of summary judgment in favor of the United States in their Federal Tort Claim Act (“FTCA”) lawsuit arising from an injury that Delores suffered when she fell while working at the Malmstrom Air Force Base (“Malmstrom”) fitness center. At the time, she was employed by Environmental Management, Inc. (“EMI”), a janitorial company that provides services at Malmstrom. We have jurisdiction to hear the Hermans’ appeal under 28 U.S.C. § 1291. Our review is de novo. Blankenhorn v. City of Orange, 485 F.3d 463, 470 (9th Cir.2007). Viewing the evidence in the light most favorable to the Hermans, we conclude that there are no genuine issues of material fact and that the district court properly applied the substantive law. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir.2004). We therefore affirm.
The district court correctly found that there was insufficient evidence to hold the United States liable for Delores’s injury under the theory of respondeat superi- or.[1] The only Air Force employee alleged to have acted negligently is an unidentified female airman who worked at the Malm-strom fitness center. Even assuming this airman was aware of the allegedly hazardous condition on the fitness center floor, the Hermans have adduced no evidence that the airman was on duty when she *135 commented on the slippery floor, or that addressing the allegedly hazardous condition was within the scope of the airman’s duties. See 28 U.S.C. § 1346(b)(1); Maguire v. State, 254 Mont. 178, 835 P.2d 755, 758 (1992) (“Respondeat superior imposes liability on an employer for the wrongful acts of an employee which are committed within the scope of his employment.”). The nondelegable duty exception to the respondeat superior doctrine is not applicable here. See Maguire, 835 P.2d at 759 (limiting application of this exception “to instances of safety where the subject matter is inherently dangerous”).
Nor is the United States liable under the theory of premises liability. The United States did not breach its duty to use ordinary care in maintaining the Malmstrom fitness center in a reasonably safe condition. See Richardson v. Corvallis Pub. Sch. Dist. No. 1, 286 Mont. 309, 950 P.2d 748, 755-56 (1997). The slippery floor was a known and obvious condition to Delores (as she created it), and the United States had no reason to anticipate the injury she suffered. See id. There is no evidence that the airman told anyone from EMI or the Air Force about the condition. Further, EMI selected its own cleaning products and was solely responsible for the safety of its employees. The United States therefore was entitled to summary judgment on the Hermans’ direct liability claims. See id. at 757 (“In general, negligence actions involve questions of fact, and, therefore are not susceptible to summary judgment. Yet, where reasonable minds cannot differ, questions of fact can be determined as a matter of law.” (citation omitted)).
The United States is also immune from vicarious liability under the independent contractor doctrine. The United States cannot be held liable for EMI’s negligence, if any, because EMI was an independent contractor. See 28 U.S.C. § 2671. That the United States retained a contractual right to conduct quality assurance inspections of EMI’s custodial services did not convert EMI into the United States’ employee. See Autery v. United States, 424 F.3d 944, 955-57 (9th Cir.2005). None of the exceptions to the independent contractor doctrine is met.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. In response to an inquiry from the district court at the outset of the summary judgment hearing, both parties confirmed that the record was complete and that no further evidence was available.